UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI Z. STORM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CSATF WARDEN, et al.,<br><br>　　　　Defendants. | No.  1:24-cv-01287 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY:<br><br>(1) THIS MATTER SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, AND<br><br>(2) PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED AS MOOT<br><br>(See ECF No. 1 at 3; ECF No. 2)<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE IN FOURTEEN DAYS |

　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　Before this Court is Plaintiff's complaint and application to proceed in forma pauperis. ECF Nos. 1, 2.  For the reasons stated below, Plaintiff will be ordered to show cause why his application to proceed in forma pauperis be denied and this matter should not be dismissed for failure to exhaust administrative remedies.  Plaintiff will be given fourteen days to file the showing of cause.

1

I.  RELEVANT FACTS

Plaintiff is a prisoner who is currently housed at California Substance Abuse and Treatment Facility ("CSATF"). ECF No. 1 at 1. On October 22, 2024, Plaintiff's complaint and his application to proceed in forma pauperis were docketed. ECF Nos. 1, 2. Plaintiff raises one claim in the complaint against four named Defendants. ECF No. 1 at 3. The complaint however, appears to allege several violations of right under the Constitution. See id. at 3. Because Plaintiff's complaint is difficult to understand it is unclear what facts Plaintiff is alleging in support of his assertion that Defendants violated his constitutional rights.

Relevantly, in the complaint when Plaintiff is asked whether administrative remedies are available at CSATF and whether he exhausted them he writes, "There are No Administrative Remedies For Criminal Conduct of a CDCR Officer – Olny [sic] Prosecutors and Judges and law Enforcement can Indict and Charge a Criminal for Breaking the Law." See ECF No. 1 at 3 (errors in original).

II.  DISCUSSION

   A.  Applicable Law

The claims of inmates who challenge their conditions of confinement are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (brackets added) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 578 U.S. 632, 642 (2016) (brackets in original). In discussing availability in Ross, the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking

advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 136 S. Ct. at 1859-60. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.' " Id. at 1856. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 1857.

### B. Analysis

The PLRA requires that a prisoner exhaust administrative remedies before submitting any papers to the federal courts. Vaden v. Summerhill, 449 F.3d 1047, 1048 (9th Cir. 2006). Plaintiff's complaint fails to provide an acceptable excuse for not having exhausted his administrative remedies prior to filing suit in this Court. His general assertion that there are no administrative remedies that allow him to address the criminal conduct of a CDCR officer is not correct. "The California prison grievance system has two levels of review. See Cal. Code Regs. tit. 15, §§ 3999.226(a)(1); 3481(a); 3483; 3485 (health care and standard grievances, respectively).

For this reason, Plaintiff is not relieved of his obligation to have exhausted his administrative remedies before he filed the instant matter in this Court. As a result, he will be ordered to show cause why this matter should not be dismissed for failure to exhaust administrative remedies, and why, consistent with this order, his application to proceed in form pauperis should not be denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall SHOW CAUSE why:

    a. This matter should not be DISMISSED for failure to exhaust administrative remedies (see ECF No. 1 at 3), and

    b. Why his application to proceed in forma pauperis (ECF No. 2) should not be DENIED as moot. See 42 U.S.C. § 1997e(a); 28 U.S.C. 1915.

2. Plaintiff's showing of cause shall be filed within fourteen days from the date of this order.

Case 1:24-cv-01287-GSA   Document 7   Filed 11/15/24   Page 4 of 4

IT IS SO ORDERED.

Dated: **November 14, 2024**     **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE