UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI Z. STORM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CSATF WARDEN, et al.,<br><br>　　　　　Defendants. | No. 1:24-cv-1287 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING SUMMARY DISMISSAL OF THIS MATTER FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>See 42 U.S.C. § 1997(e)(a)<br><br>ORDER RECOMMENDING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED AS MOOT<br><br>(ECF No. 2)<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

　　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 6. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

　　　　For the reasons stated below, the undersigned will recommend that this matter be summarily dismissed for failure to exhaust administrative remedies. In addition, it will also be

1  recommended that Plaintiff's application to proceed in forma pauperis be denied as moot.
2  Plaintiff will be given fourteen days to file objections to this order.

3        I.    RELEVANT PROCEDURAL HISTORY

4        On October 22, 2024, Plaintiff's complaint and his application to proceed in forma
5  pauperis were docketed.  ECF Nos. 1, 2.  Two days later, Plaintiff's six-month prison trust fund
6  account statement was docketed.  ECF No. 6.

7        On November 15, 2024, after reviewing the complaint, the undersigned determined that
8  Plaintiff had failed to exhaust his administrative remedies prior to filing the instant complaint.
9  ECF No. 7 at 3.  As a result, Plaintiff was ordered to show cause why this matter should not be
10 dismissed for failure to exhaust administrative remedies and, consistent with the failure to
11 exhaust, why his application to proceed in forma pauperis should not be denied as moot.  Id.

12       More than fourteen days have passed and Plaintiff has not responded to the Court's order
13 within the time allotted, nor has he filed a request for an extension of time to do so.  He has
14 simply not responded to the Court's order.

15       II.    PLAINTIFF'S COMPLAINT

16       Plaintiff is a prisoner who is currently housed at California Substance Abuse and
17 Treatment Facility ("CSATF"). ECF No. 1 at 1.  In his complaint, he raises one "claim" against
18 four named Defendants.  ECF No. 1 at 3 (Claim One).  Within Claim One, however, the
19 complaint appears to allege several violations of right under the Constitution.  See id. at 3.

20       The primary assertion in Claim One appears to allege violations of right stemming from
21 Defendants altering his medical records and then contacting mental health staff in an effort to
22 achieve a "psych out" on him.  Id.  Because Plaintiff's complaint is difficult to understand it is
23 unclear which facts Plaintiff is alleging in support of his assertion that Defendants violated his
24 rights under the Constitution.

25       In any event, in the complaint, when Plaintiff is asked whether administrative remedies
26 are available at CSATF and whether he exhausted them, he responds, "There are No
27 Administrative Remedies For Criminal Conduct of a CDCR Officer – Olny [sic] Prosecutors and
28

2

Judges and law Enforcement can Indict and Charge a Criminal for Breaking the Law." See ECF No. 1 at 3.  He provides no other information in response to the questions.

### III. APPLICABLE LAW

The claims of inmates who challenge their conditions of confinement are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983."  Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (brackets added) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)); Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) ("[A] prisoner must exhaust his administrative remedies . . . before that complaint is tendered to the district court.").  There are few exceptions to this rule.  See Ross v. Blake, 578 U.S. 632, 643-44 (2016) (exceptions to exhaustion requirement).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies:  An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones."  Ross, 578 U.S. at 642 (brackets in original).  In discussing availability in Ross, the Supreme Court identified three circumstances in which administrative remedies were unavailable:  (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  Ross, 578 U.S. at 644.  "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.' "  Id. at 639.  "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion."  Id. at 632.

### IV. DISCUSSION

The filing of a grievance serves to give a prison notice of the problem that a prisoner would like to have resolved.  See generally Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010);

1  Parthemore v. Col, 221 Cal. App. 4th 1372, 1380 (2013).  Additionally, the purpose of the
2  exhaustion requirement is to give corrections officials both the time and the opportunity to
3  address complaints internally before a federal case is started.  Porter v. Nussle, 534 U.S. 516,
4  524-25 (2002); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006) (quoting Nussle).
5       Compliance with prison grievance procedures is required by the Prison Litigation Reform
6  Act in order to properly exhaust.  See Jones v. Bock, 549 U.S. 199, 218 (2007).  "The benefits of
7  exhaustion can be realized only if the prison grievance system is given a fair opportunity to
8  consider the grievance."  Woodford, 548 U.S. at 95.  "It is the prison's requirements, and not the
9  PLRA, that define the boundaries of proper exhaustion."  Jones, 549 U.S. at 218; accord
10 Woodford, 548 U.S. at 90-91 ("Proper exhaustion demands compliance with an agency's
11 deadlines and other critical procedural rules.").
12      Plaintiff's response that he did not exhaust administrative remedies because "[t]here are
13 No Administrative Remedies For Criminal Conduct of a CDCR Officer – Olny [sic] Prosecutors
14 and Judges and law Enforcement can Indict and Charge a Criminal for Breaking the Law" (ECF
15 No. 1 at 3), aside from being non-responsive to the questions asked, is not a response that falls
16 within one of the Ross exceptions to the exhaustion requirement.  Given these findings, Plaintiff's
17 complaint must be summarily dismissed.  Consistent with this dismissal, his application to
18 proceed in forma pauperis must also be denied as moot.  Plaintiff will be given fourteen days to
19 file objections to the findings and recommendations in this order.
20      Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a
21 District Judge to this matter.
22      IT IS FURTHER RECOMMENDED that:
23      1.   This matter be SUMMARILY DISMISSED for failure to exhaust administrative
24 remedies.  See 42 U.S.C. § 1997(e)(a).
25      2.   Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED as moot.
26      These findings and recommendations are submitted to the United States District Judge
27 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
28 after being served with these findings and recommendations, Plaintiff may file written objections

1   with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings
2   and Recommendations," and it shall not exceed fifteen pages.
3       The Court will not consider exhibits attached to the objections. To the extent that a party
4   wishes to refer to any exhibit, when possible, the party must reference the exhibit in the record by
5   its CM/ECF document and page number or reference the exhibit with specificity. Any pages filed
6   in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the
7   28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. A party's failure to file
8   objections within the specified time may result in the waiver of certain rights on appeal. See
9   Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th
10  Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 22, 2025**          /s/ Gary S. Austin
                              UNITED STATES MAGISTRATE JUDGE